UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

YURI KRUMAN
on behalf of himself and
all other similarly situated consumers

      Plaintiff,

  -against-

F.H. CANN & ASSOCIATES, INC.

      Defendant.

---

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Yuri Kruman seeks redress for the illegal practices of F.H. Cann & Associates, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in North Andover, Massachusetts.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

*Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular to Yuri Kruman*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about January 9, 2019, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. Upon information and belief, the said January 9, 2019 letter was the Defendant initial communication with the Plaintiff.

12. The said letter identified the "**Total Due**" and then stated in part: "This balance is effective as of today, January 9, 2019, and may not be an accurate pay-off figure[.]"

13. As a result, Defendant did not provide the amount of the debt, as required by 15 U.S.C. § 1692g(a)(1).[1]

14. This language violates § 1692g(a)(1), which requires debt collectors to inform consumers of the amount of the debt, and § 1692e, which prohibits the use of false, deceptive, or misleading representations in connection with the collection of a debt.

15. In order to comply with the FDCPA's provision which mandates that a collector inform the consumer in its initial communication of "the amount of the debt" the collector must

---

[1] Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C., 214 F .3d 872 (7th Cir. 2000). (not sufficient to state that unpaid principal balance of residential mortgage loan was $178,844.65, and that this did not include unspecified accrued but unpaid interest, unpaid late charges, escrow advances, and other charges authorized by loan agreement.)

     give the consumer the tools in which the consumer could easily calculate the amount due on the date, he or she receives the letter.

16. In order to comply with the FDCPA's provision which mandates that a collector inform the consumer in its initial communication of "the amount of the debt" the collector must give the consumer the tools in which the consumer could easily calculate what he or she will need to pay to resolve the debt at any given moment in the future.

17. The failure to provide this information or tools to ascertain "the amount of the debt" on the date of receipt of the letter or at any give other time in the future does not comply with 1692g as it fails to <u>meaningfully</u> provide "the amount of the debt".

18. It is not enough that the collector provide "the amount of the debt" on the date of the letter. The consumer must be able to know the interest rate and be able to discern the amount of the debt at any given time in the future. See <u>Taylor v. Fin. Recovery Servs., Inc.</u>, No. 17-1650-cv, 2018 BL 109391 (2d Cir. Mar. 29, 2018). ("In Carlin, we explained that a collection notice fails to satisfy Section 1692g if "it omits information allowing the least sophisticated consumer to determine the minimum amount she owes at the time of the notice, what she will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest that will cause the balance to increase.")

19. In <u>Carlin v. Davidson Fink LLP</u>, 852 F.3d 207, 216 (2d Cir. 2017), the Second Circuit clarified its holding in *Avila* by explaining that a collection letter "is incomplete where . . . it omits information allowing the least sophisticated consumer to determine the minimum amount she owes at the time of the notice, what she will need to pay to resolve the debt at any given moment in the future[.]"

20. This language in the collection letter did not adequately state the amount of the debt, as

required under the FDCPA. The letter precluded a determination of what "the amount if the debt" was on the date of receipt of the letter.

21. Similar to <u>Carlin</u>, the collection letter in this case, refers with vagueness to a "payoff statement," which makes it impossible to conclude whether those amounts are properly part of the amount of the debt," for purposes of section 1692g.

22. The Defendant's collection letter violates sections 1692g(a)(1) and 1692e of the FDCPA, since the collection letter failed to adequately convey the "amount of the debt".

23. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

24. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

25. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

26. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

27. The letter fails to inform Plaintiff whether the amount listed is the actual amount of the debt due.

28. The letter fails to indicate the minimum amount Plaintiff owed at the time of the letter.

29. The letter fails to provide information that would allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the letter.

30. The least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the listed amount at any time after receipt of the letter.

31. The least sophisticated consumer could reasonably believe that the amount listed was accurate only on the date of the letter.

32. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer whether the amount listed will increase.

33. Defendant failed to clearly and unambiguously state the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).[2]

34. The Defendant's letter would likely make the least sophisticated consumer uncertain as to the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

35. The letter would likely make the least sophisticated consumer confused as to the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

36. Defendant's conduct constitutes a false, deceptive and misleading means and representation in connection with the collection of the debt, in violation of 15 U.S.C. § 1692e.

37. The letter can reasonably be read by the least sophisticated consumer to have two or more meanings concerning the actual balance due, one of which must is inaccurate, in violation of 15 U.S.C. § 1692e.

38. Defendant's conduct violated 15 U.S.C. §§ 1692g(a)(1) and 1692e.

39. Defendant engages as a matter of pattern and practice in the mailing of such collection letters to consumers in the state of New York.

40. Defendant's January 9, 2019 letter is in violation of 15 U.S.C. §§ 1692e and 1692g(a)(1) for the use of any false representation or deceptive means to collect or attempt to collect

---

[2] Polak v. Kirschenbaum & Phillips, P.C., No. 17-CV-1795 (MKB)(PK), 2018 BL 57467 (E.D.N.Y. Feb. 16, 2018). ("Pursuant to the holding in Carlin, this [alleged letter's language] is not enough to satisfy Section 1692g's requirement that the written notice contain the amount of the debt.")

any debt, for misrepresenting the amount of the debt owed by Plaintiff and for failing to accurately state the amount of the debt in the initial communication.

41. Defendant sent the Plaintiff an additional collection letter dated February 13, 2019.

42. Both the January 9, 2019 and February 13, 2019 letters contained "Collection Costs."

43. The notification and collection of the said collection costs is unlawful.

44. The collection costs represented the Defendant's anticipated compensation for collecting on the said account.

45. Upon information and belief, such demanded collection costs were not incurred by the Defendant.

46. The said collection costs were arbitrarily created by the Defendant in order to collect unearned fees and to intimidate class members into paying the "Total Due" for fear that they would otherwise be liable for more collection costs. The Defendant was aware that it had not incurred the collection costs.[3]

47. The representation that collection costs were owed violates 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692(f), and 1692f(1).[4]

48. Said letter violates 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692(f), and 1692f(1) for attempting to collect prohibited collection costs.

49. The February 13, 2019 letter also contained numerous false threats including the threat of

---

[3] See. Kojetin v. C U Recovery, Inc., 212 F.3d 1318, 2000 U.S. App. LEXIS 10944 (8th Cir. Minn. 2000) (per curiam). ("agree[ing] with the district court's conclusion that [the collection agency] violated the FDCPA when it charged [the debtor] a collection fee based upon a percentage of the principal balance that remained due rather than the actual cost of the collection."), See Richard v. Oak Tree Group, Inc., 614 F. Supp. 2d 814, 2008 U.S. Dist. LEXIS 10369 (W.D. Mich. 2008).

[4] Seeger v. AFNI, Inc., 2006 WL 2290763 (E.D. Wis. Aug. 9, 2006). (FDCPA case against AFNI, Inc. for adding a 15% fee to Cingular bills was certified to proceed is a class action.), Seeger v. AFNI, Inc., 548 F.3d 1107 (7th Cir. 2008). (AFNI, Inc.'s demand for an additional 15% collection fee violated § 1692f(1) since the charge was not authorized by law or the underlying contract; applicable state law only permitted such a recovery if the amount was actually incurred as an out-of-pocket cost of collection and not, as attempted here, to unlawfully ''permit[ ] a third-party purchaser of an account to recover its internal costs.''), Butto v. Collecto Inc., 2013 U.S. Dist. LEXIS 45502, 2013 WL 1285577 (E.D.N.Y. Mar. 29, 2013). (Granting Class certification as to a letter which included a collection fee for Verizon service which had not yet been incurred at the time the letter was sent.)

wage garnishment.

50. The Defendant however failed to provide the Plaintiff with his rights with regard to such potential actions by debt collectors.

51. The threats of garnishment contained in the February 13, 2019 letter were vague and ambiguous as for example, such actions only apply to specific types of wages.

52. The Defendant's threat of wage garnishment was not even applicable in the case at hand.

53. Said letter is deceptive, as it implies that collection steps will be taken, beyond the normal course of conduct by collection agencies.

54. Debt collectors are supposed to provide debtors of their rights, the Defendant here, however, failed to do so.

55. The Defendant threatened action that could not legally be taken or that was not intended to be taken in violation of 15 U.S.C. § 1692e(5).

56. 15 U.S.C. § 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

57. Defendant's February 13, 2019 letter contained false representations and threats of unintended actions including the threat of legal action in violation of 15 U.S.C. §§ 1692e(5) and 1692e(10).

58. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

59. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

60. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

61. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

62. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

63. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

64. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

65. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

66. As an actual and proximate result of the acts and omissions of F.H. Cann & Associates, Inc., Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

67. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through sixty six (66) as if set forth fully in this cause of action.

68. This cause of action is brought on behalf of Plaintiff and the members of three classes.

69. Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about January 9, 2019; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to American Student Assistance; and (b) the collection letter was returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e and 1692g(a)(1) for the use of any false representation or deceptive means to collect or attempt to collect any debt, for misrepresenting the amount of the debt owed by Plaintiff and for failing to accurately state the amount of the debt in the initial communication.

70. Class B consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letters sent to the Plaintiff on or about January 9, 2019 and February 13, 2019; and (a) the collection letters were sent to a consumer seeking payment of a personal debt purportedly owed to American Student Assistance; and (b) the collection letters were returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letters contained violations of 15 U.S.C. §§ 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692(f), and 1692f(1) for attempting to collect prohibited collection costs.

71. Class C consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about February 13, 2019; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to American Student Assistance; and (b) the collection letter was returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e(5) and 1692e(10) for false representations and threats of unintended actions including the threat of legal action.

72. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

   D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

   E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and

       collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

73. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

74. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

75. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

76. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

77. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

      A.  Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
January 20, 2020

_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney at Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

_____/s/ Adam J. Fishbein____
Adam J. Fishbein (AF-9508)

**F.H. Cann & Associates, Inc.**
1600 Osgood St. Suite 20-2/120 • North Andover, MA 01845
Telephone (877) 750-9810

Office Hours:
Mon - Thurs 8 A.M. - 8 P.M.
Fri 8 A.M. - 5 P.M.

January 9, 2019

YURI KRUMAN

Re: FHC Reference #: ▢
Student loan account held by:
American Student Assistance
Principal:         $111620.62
Interest:          $8249.88
Collection Costs:  $20351.06
**Total Due:       $140,221.56***

Dear YURI KRUMAN,

The above captioned account has been placed by our client with our office for collection. The balance due above is owed to American Student Assistance and continues to accrue interest daily. This balance is effective as of today, January 9, 2019, and may not be an accurate pay-off figure; this balance may increase due to the accrual of interest, late charges and other charges as may be applied by our client as per the terms and conditions of your contract.

Unless you notify this office within 30 days of receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days of receiving this notice that you dispute the validity of the debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such verification or judgment. If you request of this office in writing within 30 days after receipt of this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

Please contact our office at the phone number above to resolve this matter. You may also visit our website at www.fhcann.com/consumers for more information about your repayment options.

Sincerely,

Jason Beers
Collection Supervisor

*Balance may increase due to the accrual of interest and/or collection costs.

**This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.**

*****PLEASE SEE IMPORTANT NOTICES ON THE BACK OF THIS LETTER*****
Make your check or money order payable to F.H. Cann & Associates, Inc.
and send to the address below using the enclosed envelope

DO NOT SEND CHECKS OR CORRESPONDENCE TO: PO Box 505, Linden MI 48451-0505

Y223F42027

PO Box 505
Linden MI 48451-0505
ADDRESS SERVICE REQUESTED

January 9, 2019

Re: American Student Assistance
FHC Reference #: ▢
Balance Due: $140,221.56

IDASA - 140
YURI KRUMAN



F.H. Cann & Associates, Inc.
1600 Osgood St. Suite 20-2\120
North Andover MA 01845

# F.H. Cann & Associates, Inc.

1600 Osgood St. Suite 20-2/120 • North Andover, MA 01845
Telephone (877) 750-9810

Office Hours:
Mon - Thurs 8 A.M. - 8 P.M.
Fri 8 A.M. - 5 P.M.

February 13, 2019

YURI KRUMAN

Re: FHC Reference #:
Student loan account held by:
American Student Assistance
Principal: $111620.62
Interest: $9033.92
Collection Costs: $21611.96
**Total Due:** **$142,266.50***

Dear YURI KRUMAN,

The above account remains in default and requires your immediate attention. Pursuant to federal law, among the consequences of your continued default are:
- Your wages may be garnished
- Your tax refund may be seized
- You may not receive future additional federal student aid
- You may lose deferment / forbearance options

American Student Assistance has entered into an agreement with the U.S. Department of Education to participate in the federal loan rehabilitation program. Under the program, borrowers who make 9 qualifying payments over a 10 month period can have their defaulted loans rehabilitated and enjoy benefits including:
* Deletion of default status to the major credit reporting bureaus
* Avoidance of involuntary wage garnishment
* Removal from the Treasury Offset Program
* Return to standard loan servicing (no more collection agencies)

Please call (877) 750-9810 to speak with our dedicated staff about the benefits of Rehabilitation and <u>whether you qualify for reduced monthly payments under the program.</u>

We look forward to hearing from you and assisting you in resolving this account.

Sincerely,
Jason Beers
Collection Supervisor

*Balance may increase due to the accrual of interest and/or collection costs.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

*****PLEASE SEE IMPORTANT NOTICES ON THE BACK OF THIS LETTER*****

Make your check or money order payable to F.H. Cann & Associates, Inc.
and send to the address below using the enclosed envelope

DO NOT SEND CHECKS OR CORRESPONDENCE TO: Linden MI 48451-0505

Y228EF2386

PO Box 505
Linden MI 48451-0505
ADDRESS SERVICE REQUESTED

February 13, 2019

Re: American Student Assistance
FHC Reference #:
Balance Due: $142,266.50

SDASA - 76
YURI KRUMAN



F.H. Cann & Associates, Inc.
1600 Osgood St. Suite 20-2\120
North Andover MA 01845